## Poff v. Richardson et al.

February 14, 1950.
R. C. Tartar, Judge.

W. N. Flippin for appellant.

Gladstone Wesley for appellees.

JUDGE HELM—Reversing.

This is an action in equity to quiet title to a tract of land described in the petition. Appellant's petition was dismissed. He appeals.

The tract of land is on the waters of Neeley's Creek, a tributary of the Cumberland River in Pulaski County. The description is: "Beginning at a black oak, corner to the Owens, Patterson and Neeley tracts, thence with said Neeley line N 17 E 120 poles to a rock on top of a high ridge, thence S 18 W 90 poles to a stake; thence S 64 E 20 poles to a chestnut oak; thence N 40 E 100 poles to a stake on Owen's and Patterson's line; thence with this line N 10 W 135 poles to a stake; thence west 70 poles to the beginning, containing fifty (50) acres, more or less." An exception set out in the deed is not material here. The same description is contained in a patent from the Commonwealth to Isaac Neeley of May 2, 1855. The patent was introduced in evidence and is a part of the record.

Appellant purchased this tract on August 20, 1921, from Giles Anderson and wife. He has been in possession of the tract, either in person or by agent, since he purchased it. We are concerned here with the first four calls of the survey.

For appellants it is shown that the corner to the Owens, Patterson and Neeley tracts, the first call, is a well-known corner; that the second call, a rock on top of a high ridge, is a permanent well-known natural monument; the third call is to a stake; the fourth line is from that stake S 64 E 20 poles to a chestnut and chestnut oak. It is agreed that the chestnut and chestnut oak are down, but there is a stump and this corner is now well known and is marked by the Government as a corner in one of its forestry surveys. The line from

the stake to this marked corner is, it appears, 69 poles instead of 20 poles.

Appellee, Lelia Richardson, is the daughter of Joe Calhoun, now dead. She and the other appellees are known in this record as the "Joe Calhoun heirs." On March 15, 1923, Joe Calhoun purchased from John P. Neeley and wife five tracts of land on the waters of Neeley's creek, and to the east of the tract owned by appellant, the Calhoun home and surrounding land being east of the second line of appellant's tract. A map prepared by Claude Jasper, county surveyor of Pulaski County and surveyor for appellant, showing in detail his survey of appellant's tract, with corners, calls and distances, as testified to by him, was introduced in evidence and is part of the record here.

It is shown that Calhoun and his heirs have set up claim to a part of appellant's tract. The Calhoun deed of May 2, 1923, calls for the Neeley line; that is, the line originally set out in the Neeley patent of May 2, 1855.

Frank Harris, surveyor for appellees, in an endeavor to locate the line between the Poff land and the Calhoun land, says the Calhoun papers called for the line of Poff's land; that he used the Poff "papers;" that he began at Corner No. 4, "a chestnut and chestnut oak," a corner now marked as a Government corner; that he ran the third line by reversing the S 64 E 20 poles call. That is, by running N 64 W 20 poles from No. 4 he reached Corner No. 3. He plotted the remaining lines. This, he says, gives the land in dispute to the Calhoun heirs. However, to do this, he disregarded the Owens, Patterson and Neeley Corner No. 1, a corner established in the early days by the land owners in this vicinity—Owens, Patterson and Neeley—and he disregards the permanent monument—a stone on a high ridge —and instead located Corner No. 2 "at the edge of an old field" some distance from the "rock on top of a high ridge," the natural monument called for in the original Neeley patent and in appellant's deed.

The question of the location of the line between Poff and the Calhoun heirs was submitted to a jury, and the jury found for the Calhoun heirs. But this is an action in equity by appellant to quite his title. The ver-

240

dict of the jury in such a case is not binding on the court, but is merely advisory and may be wholly disregarded by the court. In Merritt v. Palmer, 289 Ky. 141, 158 S. W. 2d 163, 165, we said: "This being an action to quiet title, section 11 of the Kentucky Statutes designates it should be brought in equity. In a case purely equitable in character the chancellor has a discretion to direct an issue of fact to be tried by a jury and the verdict is not binding on him, but is only advisory. * * *" See, 18 West Ky. Digest, Trial, Key 374(2).

Here, Corner No. 1 of the Neeley tract is well known to Jim Lewis, 83 years of age, who has owned land and lived the greater part of his life in the vicinity of the tract in question, and to other older citizens of that community. The corner is now known and marked with concrete and metal as a Government corner. Likewise, the second corner, "a rock on the top of a high ridge," is, it appears, a well-known corner and landmark; is "a very large noted rock * * * a very large stone * * * there permanently." In determining boundaries, natural and permanent objects control courses and distances. 4 West Ky. Digest, Boundaries, Key 3(3).

After a careful examination of the record, the testimony and the maps, we are convinced that the Claude Jasper survey and map correctly locates the line between Poff and the Calhoun heirs.

The judgment is reversed with direction for the entry of a judgment in conformity with this opinion.